UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN– SOUTHERN DIVISION

PATRICIA ROUSSETY,

      Plaintiff,

v.                                 Case No.
                                      Hon.

GREEN TREE SERVICING, LLC,
NATIONAL CREDITORS CONNECTION, INC,

      Defendants.

## COMPLAINT & JURY DEMAND

*Patricia Roussety states the following claims for relief:*

### Jurisdiction

1.    This Court has jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and 28 U.S.C. §§1331, 1337.

2.    This Court may exercise supplemental jurisdiction  over the related state law claims under the Michigan Occupational Code ("MOC"), M.C.L. § 339.901, *et seq.,* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251, *et seq*., arising out of the same nucleus of operative facts giving rise to the federal  claims.

### Parties

3.    The Plaintiff to this lawsuit is Patricia Roussety ("Ms. Roussety") who resides in Wayne County, Michigan.

4.    Ms. Roussety meets the definition of a "consumer" under 15 U.S.C. § 1692a(3).

5.    The Defendants to this lawsuit are as follows:

      a.    Green Tree Servicing, LLC ("Green Tree"), a limited  liability  company  which

conducts business in Michigan.

b.    National Creditors Connection, Inc. ("NCCI"), a California corporation which conducts business in Michigan.

## Venue

6.    The transactions and occurrences which give rise to this action occurred in Wayne County.

7.    Venue is proper in the Eastern District of Michigan.

## General Allegations

8.    Ms. Roussety maintains a cellular phone via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

9.    Ms. Roussety maintains her cellular phone to maintain personal contacts with family and friends and for emergency contact.

10.   Ms. Roussety's claims arise under the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

11.   It is a violation of the TCPA to initiate any telephone call to a person's cellular telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

12.   Under the TCPA, a person, or entity, can be liable for calls made on its behalf even if that person or entity did not directly place those calls. *See, Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order,* 10 FCC Rcd. 12391, 12397, Paragraph 13 (1995); *Request of State Farm. Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling*, 20 FCC RC. 13664, 13667 Paragraph 7 (2005).

13.   The phone calls at issue in this case were made by or for the benefit of Green Tree. Because

these calls were made "on behalf" of Green Tree, it is legally responsible to ensure that such calls are compliant with the TCPA, even if Green Tree did not, itself, physically dial the call.

**Allegations Related to Green Tree**

14. At some point, Green Tree was engaged by Green Tree Mortgage to collect a mortgage allegedly owed by Patricia Roussety.

15. On information and belief, Green Tree is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. Beginning in 2012, Green Tree began placing calls to Ms. Roussety's cell phone regarding the Green Tree mortgage.

17. Ms. Roussety informed Green Tree that the matter was being handled by her lawyer, and requested that they direct future communications to counsel.

18. Green Tree continued to place calls to Ms. Roussety rather than contact her attorney.

19. Ms. Roussety, through her attorney, sent a cease cease and desist letter to Green Tree requesting that it cease direct contact with Ms. Roussety, and contact her only through counsel.

20. Green Tree received the letter.

21. Green Tree continued to call.

22. Ms. Roussety, through her attorney, sent two more cease and desist letters which were received by Green Tree.

23. Despite these multiple requests, cease and desist letters, Green Tree continued to contact Ms. Roussety directly on her cellular phone.

24. Any consent Ms. Roussety that may be deemed granted for calls to her cell phone, was revoked by virtue of any one of the cease and desist letters.

25.   On several occasions over the phone, Ms. Roussety informed Green Tree of the cease and desist letters and directed them to speak to her attorney.

26.   The calls continued.

27.   These calls were in direct violation of the prohibition on communications with a consumer represented by an attorney under the FDCPA 15 U.S.C. §1692c;  MOC, M.C.L. § 339.915(h); and/or MCPA, M.C.L. § 445.252(h).

28.   Moreover, Green Tree placed these calls to her repeatedly and continuously.  In some periods it called her on a daily basis; in others, it called her several times in a day.

29.   These calls were in violation of the prohibition on harassing, oppressive and abusive collections methods under the FDCPA, 15 U.S.C. §1692d; MOC, M.C.L. § 339.915(n); and/or MCPA, M.C.L. § 445.252(n).

30.   In many of the calls placed, Green Tree conveyed a pre-recorded message to Ms. Roussety.

31.   In other calls, Ms. Roussety noticed a pause before a representative came on the line.

32.   Some of these pauses were so long that Ms. Roussetty believed the call had been abandoned, and hung up the phone.

33.   Based on these long pauses, Ms. Roussetty  was able to discern that a machine dialed her cell phone number and she was then placed in line to await the availability of one of Green Tree's collection agents.

34.   The equipment Green Tree used to place the calls to Ms. Roussety was an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

**Allegations Related to NCCI**

35.   At some point in 2013, Green Tree or Green Tree Mortgage assigned the account to NCCI for collection.

36.     NCCI is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

37.     In, or around, April 2013 Ms. Roussety began to receive calls from 949-461- 7540.

38.     In each call, the representative "Ceaser" identified himself as calling "from Green Tree."

39.     The calls to her were placed from 949-461-7540.

40.     However, this is a number belonging to or associated with NCCI.

41.     Ceaser was not calling from Green Tree; rather on information and belief, he was calling

        from NCCI and as an agent of NCCI.

42.     Ceaser's failure to properly represent himself as a NCCI agent constituted a false and

        misleading representation within the meaning of the FDCPA, 15 U.S.C. §1692e; the MOC,

        M.C.L. § 339.915(e) and/or MCPA, M.C.L. § 445.252(e).

43.     Ms. Roussety informed Ceaser on several occasions that he was not supposed to call her,

        cited the cease and desist letters, and directed him to call her attorney.

44.     In response, "Ceaser" informed Ms. Roussety that he would call back at a better time.

45.     These calls were in direct violation of the prohibition on communications with a consumer

        represented by an attorney under the FDCPA, 15 U.S.C. §1692c; MOC, M.C.L. §

        339.915(h); and/or MCPA M.C.L. § 445.252(h); and in violation of the prohibition on

        harassing, oppressive and abusive collections methods under the FDCPA, 15 U.S.C. §1692d;

        MOC, M.C.L. § 339.915(n), and/or MCPA, M.C.L. § 445.252(n).  .

46.     Ms. Roussety received numerous calls from "Ceaser" at NCCI in a two month period.

47.     NCCI called her repeatedly and continuously.  In some periods it called her on a daily basis;

        in others, it called her several times in a day.

48.     These calls were in violation of the prohibition on harassing, oppressive and abusive

        collections methods under the FDCPA, 15 U.S.C. §1692d; MOC, M.C.L. § 339.915(n),

and/or MCPA, M.C.L. § 445.252(n).

49.     In some calls from NCCI, there was a long pause before the live representative came on the line.

50.     Based on these pauses, Ms. Roussety was able to discern that a machine dialed the number and she was then placed in line to await the availability of a live representative.

51.     The equipment NCCI used to call Ms. Roussety was an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

52.     The calls from Defendants have caused numerous interruptions and disruptions of Ms. Roussety's work, social engagements, and recreation.

53.     As a result of Defendants' wrongful conduct, Ms. Roussety has suffered damages.

## COUNT I– Telephone Consumer Protection Act of 1991 (Green Tree).

54.     Ms. Roussetty incorporates the preceding allegations by reference.

55.     Green Tree  meets the definition of a "person", as defined by 47 U.S.C. § 153(39).

56.     Green Tree is liable for each call it placed to Ms. Roussety's cell phone from its own systems, and each call placed by any of its agents or assignees, including NCCI,  using the prohibited technology. 47 U.S.C. § 227 et seq.

57.     Green Tree is liable for each call it placed to Ms. Roussety's cell phone, and each call placed by any of its agents or assignees, including NCCI, which included a prerecorded or artificial voice message. 47 U.S.C. § 227 *et seq.*

58.     Green Tree has negligently violated the TCPA, 47 U.S.C. § 227 *et seq*.,  in relation to Ms. Roussety.

59.     As a result of Defendants' negligent violations of the TCPA, Ms. Roussety may recover statutory damages of $500.00 for each and every call in violation of the statute pursuant to

47 U.S.C. § 227(3).

60.   Alternatively, Green Tree has willfully violated the TCPA in relation to Ms. Roussety.

61.   As a result of Defendants' willful violations of the TCPA, Ms. Roussety may recover
statutory damages of up to $1,500.00 per call in violation of the statute.  47 U.S.C. § 227(3)

### COUNT  II– Fair Debt Collection Practices Act (Green Tree).

62.   Ms. Roussety incorporates the preceding allegations by reference.

63.   Green Tree is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"),
15 U.S.C. §1692a(6).

64.   On information and belief, at all relevant times Green Tree was engaged in the practice of
collecting debts on behalf of the entity holding Ms. Roussety's mortgage.

65.   At all times relevant to this complaint, Green Tree sought to collect a "consumer" debt from
Ms.  Roussety.

66.   Green Tree's  actions to collect this alleged debt from Ms. Roussety violated the provisions
of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(2), 1692c(a)(1), 1692c(b),
1692c(c), 1692e, and 1692f.

67.   Ms. Roussety has suffered damages as a result of these violations of the FDCPA.

### COUNT III– Michigan Collection Practices Act (Green Tree).

68.   Ms. Roussety incorporates the preceding allegations by reference.

69.   Green Tree is a "regulated person" under the MCPA, M.C.L. § 445.251(g)(xi).

70.   Green Tree's actions in attempting to collect this debt from Ms. Roussety constitute
violations of the MCPA, M.C.L. § 445.251 *et seq.* including, but are not limited to, the
following M.C.L. §§ 445.252(h), (n), and (q).

71.   Ms. Roussety has suffered damages as a result of Green Tree's violations of the MCPA.

72.     These violations of the MCPA were willful.

### COUNT IV– Telephone Consumer Protection Act (NCCI).

73.     Ms. Roussety incorporates the preceding allegations by reference.

74.     NCCI meets the definition of a "person", as defined by 47 U.S.C. § 153(39).

75.     NCCI has negligently violated the TCPA, 47 U.S.C. § 227 *et seq*., in relation to Ms.

        Roussety.

*76.*    As a result of NCCI's negligent violations of the TCPA, Ms. Roussety may recover

        statutory damages of $500.00 for each and every call in violation of the statute.

77.     Alternatively, NCCI has knowingly or wilfully violated the TCPA in relation to Ms.

        Roussety.

78.     As a result of NCCI's willful violations of the TCPA, Ms. Roussety may recover

        statutory damages of up to $1,500.00 per call in violation of the statute.

### COUNT V– Fair Debt Collection Practices Act (NCCI).

79.     Ms. Roussety incorporates the preceding allegations by reference.

80.     At all relevant times NCCI regularly engaged in the practice of collecting debts on behalf

        of Green Tree.

81.     NCCI is a "debt collector" under the FDCPA, 15 U.S.C. §1692a(6).

82.     At all times relevant to this complaint, NCCI sought to collect a "consumer" debt from

        Ms. Roussety.

83.     NCCI's actions to collect this alleged debt from Ms. Roussety violated the provisions of

        the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(2), 1692c(a)(1), 1692c(b),

        1692c(c), 1692e, and 1692f.

84.     Ms. Roussety has suffered damages as a result of these violations of the FDCPA

## COUNT VI– Michigan Occupational Code (NCCI).

85.    Ms.  Roussety incorporates the preceding allegations by reference.

86.    NCCI is a "collection agency" as that term is defined in the MOC, M.C.L. § 339.901(b).

87.    Ms.  Roussety is a "debtor" as that term is defined in M.C.L. § 339.901(f).

88.    NCCI's foregoing acts in attempting to collect this alleged debt against Ms. Roussety

       constitute violations of the MOC including but not limited to,  M.C.L. §§  339.915(h),

       (g), (n), and (q).

89.    Ms.  Roussety has suffered damages as a result of NCCI's violations of the MOC.

90.    These violations of the MOC were willful.

## COUNT VII– Michigan Collection Practices Act (NCCI) as alternative to claims under the Michigan Occupational Code.

91.    Ms.  Roussety incorporates the preceding allegations by reference.

92.    NCCI is a "regulated person" under the MCPA, M.C.L. § 445.251(g)(xi).

93.    NCCI's actions in attempting to collect this alleged debt against Ms. Roussety constitute

       violations of the MCPA, M.C.L. § 445.251 *et seq.* including, but are not limited to,

       M.C.L. §§ 445.252(h), (n), and (q).

94.    Ms. Roussety has suffered damages as a result of these violations of the MCPA.

95.    These  violations of the MCPA were willful.

## Demand for Jury Trial

96.    Ms. Roussety demands a trial by jury in this action.

## Demand for Judgment for Relief

97.    *Accordingly, Ms. Roussety requests that the Court grant:*

       a.    *Actual damages for items including emotional distress, mental anguish,*

             *frustration, humiliation, and embarrassment.*

b.      *Statutory damages.*

c.      *Treble damages.*

d.      *Statutory costs and attorney fees.*

e.      *Any other relief this Court deems is just and equitable.*

Respectfully Submitted,


By:  s/ Julie A. Petrik
Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Patricia Roussety
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Julie@MichiganConsumerLaw.com

Dated: April 26, 2014